IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00099-GPG

WILLIAM B. ELLER,

    Plaintiff,

v.

LISH,
KAUTZ,
(LAST UNKNOWN), MEGAN,
(LAST UNKNOWN), CHANTELLE,
JONES, Mr.,
SPAIN, Mr.,
HODGES, Mr., and
YOUNGER, Mr.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, William B. Eller, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Correctional Facility in Buena Vista, Colorado. He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. Plaintiff has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Eller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below,

1

Mr. Eller will be ordered to file an amended complaint.

## I. The Complaint

Plaintiff alleges in the Complaint that on February 13, 2015, he was beaten by several CDOC officials at the Sterling Correctional Facility (SCF)--who are not named Defendants in this action--and suffered a broken bone in his left leg. He alleges that the correctional officers threatened him, conspired to cover up the assault by issuing him a disciplinary charge for advocating a facility disruption, and refused his request for transport to medical. Mr. Eller further states that medical staff at SCF conspired to cover up the fact that he suffered a broken leg during a staff assault. Plaintiff alleges that his case manager delayed in providing him grievance forms so that he could complain about the assault, and that a sergeant, who is not a named Defendant, confiscated his Step I grievance, and threatened to delay Plaintiff's parole release if he pursued a civil lawsuit. Mr. Eller asserts that the sergeant then gave him a false disciplinary write up for tampering with a security device. Plaintiff states that other correctional officials, who are not named Defendants, refused to escort him to his "parole rescission" hearing on February 17, 2015, in violation of his due process rights. (ECF No. 1 at 7). As a result, Plaintiff was "set back 180 days to remain in CDOC/SCF prison in protective custody." (*Id.*).

Mr. Eller alleges that Defendants Spain, Hodges, Jones and Chantelle acted with deliberate indifference to his serious medical needs by interfering with his access to, or denying him, medical treatment for his broken bone. He further alleges that Defendant physicians Lish and Kaush implemented an unconstitutional policy that if an inmate suffers a broken bone that is not protruding through the skin, the inmate cannot receive

emergency transport to an outside hospital's emergency room. Instead, the inmate must submit a medical kite. Plaintiff states that he suffered dizziness, migraine headaches, shortness of breath and extreme pain in his leg due to the delay in providing medical treatment. On February 25, 2015, Defendant Younger escorted Mr. Eller to the x-ray technician from an upstairs cell, and forced Plaintiff to climb 16 stairs with a broken leg, causing him severe pain. After the x-ray confirmed that Plaintiff's leg was broken, Defendant Younger forced him to climb back up the 16 stairs to his cell. Plaintiff was transported to an outside orthopedic surgeon on March 4, 2015, or medical treatment. He states that two correctional officers, who are not named Defendants, forced him to climb into a van and up three steps bearing full weight on his broken leg, and causing him unnecessary pain and suffering.

Mr. Eller further alleges that staff refused to escort him to his March 2, 2015, disciplinary hearing on the false charge of advocating a facility disruption, and that he was denied the opportunity to call witnesses and an inmate representative. The hearing officer determined that Plaintiff was guilty as charged and sanctioned him with 20 days of punitive segregation and the loss of 20 days of good time credits.

Mr. Eller asserts that the Defendants have violated his First, Eighth and Fourteenth Amendment rights. He seeks monetary relief.

## II. Analysis

### A. Personal Participation

The Complaint is deficient because Mr. Eller fails to allege specific facts to show the personal participation of each named Defendant in a deprivation of his Constitutional rights. Personal participation is an essential element of a civil rights

action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisor can only be held liable for his own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Eller will be given an opportunity to amend his complaint to assert specific facts to show each Defendant's personal involvement in an alleged deprivation of his First, Eighth and Fourteenth Amendment rights.  Plaintiff names several correctional officers in the body of the Complaint while discussing his constitutional claims, but many of these individuals are named as Defendants in the caption.  If Mr. Eller intends to sue any of these additional individuals for damages under § 1983, he must name each one as a Defendant in the case caption of the Amended Complaint and allege specific facts to show the individual's personal participation in an alleged constitutional deprivation.

### B. Eighth Amendment – Use of Excessive Force

Mr. Eller alleges that he was beaten up by several prison guards and suffered a broken leg, but he does not allege that any of the named Defendants engaged in the

unconstitutional use of excessive force.

"[T]he use of excessive force against a prisoner can violate the Eighth Amendment [even] when the inmate does not suffer serious injury." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Wilkins v. Gaddy*, ___ U.S. ___, 130 S. Ct. 1175, 1176 (2010). The "core judicial inquiry" as to an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Id.* "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Smith*, 339 F.3d at 1212 (internal quotation marks and brackets omitted). "An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment." *Marshall v. Milyard*, No. 10–1104, 415 F. App'x 850, 852 (10th Cir. Jan. 31, 2011) (unpublished) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Even if a use of force is deemed unnecessary after the fact, if it was both de minimis and 'not of a sort repugnant to the conscience of mankind,' it will not sustain an excessive-force claim." *Id.* at 853 (quoting *Hudson*, 403 U.S. at 10).

### C. Denial of Access to the Courts

Mr. Eller alleges that prison staff refused to provide him with grievance forms and confiscated his step 1 grievance complaining about the alleged use of excessive force against him. The Court construes these allegations liberally as a claim that Plaintiff was denied his constitutional right of access to the courts.

5

To state an arguable violation of his constitutional right of access to the courts, Mr. Eller must plead facts to show that he was impeded in his ability to file a civil rights action. *See Lewis v. Casey*, 518 U.S. at 354–55 (To plead a violation of this right, a plaintiff must allege that the state's interference led to an "actual injury" by "frustrat[ing]," "imped[ing]," or "hinder[ing] his efforts to pursue a legal claim."). *See also Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir.1998) ("To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (an inmate alleging interference with legal access must allege specific facts showing that a "distinct and palpable" injury resulted from defendants' conduct.).

Generally, a prisoner seeking relief for unconstitutional conditions of confinement must first exhaust his available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003). However, "when a prison official prevents a prisoner from accessing the administrative grievance process, administrative remedies are 'unavailable' such that the prisoner may proceed directly to court without first exhausting the grievance process." *Fogle v. Gonzales*, No. 14-1202, 570 F. App'x 795, 797 (10th Cir. July 2, 2014)(unpublished) (citing *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir.2010)). If a correctional official denied Plaintiff a grievance form, or confiscated his Step 1 grievance form, so that he could not complete the administrative remedy process, Plaintiff is not required to exhaust the grievance process before seeking access to the courts, and his right of access to the courts has not been impeded. Because Mr. Eller's allegations fail to show that he suffered an actual injury to his ability to pursue a non-frivolous claim for relief, the constitutional right

of access is not implicated.

### D. First Amendment Retaliation Claims

Mr. Eller's allegations of retaliation are deficient because they are vague and conclusory. *See Swoboda v. Dubach,* 992 F.2d 286, 289-90 (10th Cir.1993) (vague, conclusory allegations are insufficient to form the basis for a § 1983 cause of action); *Hall,* 935 F.2d at 1110 (same); *Ketchum v. Cruz,* 775 F.Supp. 1399, 1403 (D. Colo. 1991), *aff'd* 961 F.2d 916 (10th Cir. 1992) (same).

A prisoner's right to access the courts is protected by the First Amendment. *See Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim, Mr. Eller must allege facts to show that (1) he was engaged in constitutionally protected activity, (2) the Defendant's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and, (3) the Defendants' adverse actions was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic,* 582 F.3d 1155, 1165 (10th Cir. 2009); *Allen v. Avance*, No. 11-6102, 491 F. App'x 1, 6 (10th Cir. July 10, 2012).

Mr. Eller will be afforded an opportunity to file an amended complaint to state an arguable retaliation claim against one or more of the named Defendants.

### E.  Fourteenth Amendment Due Process Claims

Mr. Eller claims that his procedural due process rights were violated when: (1) his parole was revoked at a hearing that correctional officers prevented him from attending; and, (2) he was convicted of a fabricated prison disciplinary offense that resulted in the loss of good time credits.

The due process claims are barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction, sentence or detention, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").  *Heck* also bars proceedings challenging "the fact or duration of parole." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996), as well as a civil rights action seeking damages in conjunction with a prison disciplinary conviction that resulted in the loss of good time credits.  *See Edwards v. Balisock*, 520 U.S. 641, 648 (1997).

Although § 1983 remains available where a prisoner "seek[s] injunctive or declaratory relief to correct constitutionally defective parole procedures, *Herrera v. Harking*, 949 F.2d 1096, 1097–98 (10th Cir. 1992), Mr. Eller does not request equitable

relief in this action to remedy a defective parole procedure. Instead, he seeks an award of damages against the correctional officials who allegedly prevented him from attending his parole revocation hearing.

Mr. Eller may not seek monetary relief under § 1983 based on the revocation of his parole, or the prison disciplinary conviction, until he has invalidated those decisions. Plaintiff does not allege or otherwise demonstrate that the parole revocation and prison disciplinary conviction have been invalidated. Accordingly, it is

ORDERED that Mr. Eller file, **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall file the amended complaint on the court-approved Prisoner Complaint form, which he may obtain (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, the Court may dismiss some or all of this action without further notice for the reasons discussed above. It is

FURTHER ORDERED that the Motion to Request Consolidation (ECF No. 5), is DENIED without prejudice as premature. Mr. Eller may renew his motion if this case survives initial review under D.C.COLO.LCivR 8.1(b) and is assigned to District Judge Robert E. Blackburn and to Magistrate Judge Michael E. Hegarty, pursuant to D.C.COLO.L.Civ. R 40.1(c)(1).

DATED February 1, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge